[See Case No. 15,410.]

## Case No. 15,410.

UNITED STATES v. HOYT et al.

[1 Blatchf. 332.] [1]

Circuit Court, S. D. New York.   Oct. Term, 1848.

ASSIGNMENT FOR BENEFIT OF CREDITORS — OFFICIAL BONDS—IMPLIED TRUSTS.

1. Where H. made an assignment of his property, in trust to pay any judgment which the United States might recover against him and the sureties on his official bond as collector of customs, and, after the recovery of such judgment, the plaintiffs in it filed a bill for an account by the trustees and the application of the trust funds to the payment of the judgment: Held, that a trust in favor of the plaintiffs was created by the assignment by implication of law, and that the bill was properly filed.

2. But, the right of the plaintiffs under the implied trust did not attach till the filing of their bill, that being their first act in affirmance of the trust, and, therefore, the trustees were not bound to account to them for any of the trust funds that were disposed of prior to that time with the consent of the assignor and of the sureties.

In equity. The bill in this case set forth, in substance, that the plaintiffs had recovered a judgment against Jesse Hoyt, for $221,083-39, for monies received by him as collector of the port of New-York, and for which he had neglected to account; that, before the recovery of the judgment, Hoyt was the owner of certain real estate and personal property, described in the bill, and that, on the 9th of March, 1841, he assigned the same to J. Oakley and G. B. Kissam, in trust to convert the same into money and apply the proceeds to the payment of any judgment which the plaintiffs might thereafter recover against him and the sureties on his official bond. The bill then charged that the assignment was void as against the plaintiffs, as an inequitable hindrance to the collection of their judgment; that the property thus held in trust was worth over $25,000; that the trustees had received large sums of money under the trust, but refused to apply them to the payment of the judgment, and were misappropriating the funds, and devoting them to purposes unauthorized by the terms of their trust, and, in particular, had paid large sums to the counsel of Hoyt, for conducting his defence to the suit in which the judgment was recovered, whereas those fees were not chargeable on the fund, and had paid private debts of Hoyt's, which were not

charged on the fund; and that the judgment remained unsatisfied, and the trustees were persons of little property. The bill prayed a discovery, an injunction, the appointment of a receiver, an accounting by the trustees, and the application of the trust funds to the payment of the judgment. Hoyt and the assignees were made defendants.

The answers admitted the judgment and the assignment, and described the property, and set forth a statement of receipts and payments.

It appeared in evidence, that before the filing of the bill the assignees had paid out of the trust funds $3000 to counsel, as fees for defending the suit against Hoyt in which the judgment was recovered, and $650 for the services of a clerk, rendered in examining the accounts of Hoyt preparatory to the trial in the suit. These payments were made with the assent of the sureties.

No serious resistance was made to the appointment of a receiver to take charge of the trust estate, for the purpose of converting it and applying the proceeds towards the payment of the judgment, or to the accounting of the trustees for the trust fund while in their hands. The principal question was whether the assignees were bound to account for the sums paid to the counsel and the clerk.

Benjamin F. Butler, U. S. Dist. Atty.

Lorenzo Hoyt, for defendants.

NELSON, Circuit Justice. The plaintiffs are entitled to charge the assignees as their trustees, and to compel the application of the property assigned, to the satisfaction of their judgment, as the property proceeded from the debtor and was designed to be a counter security against the demand now in judgment. The assignees did not receive it in their own right, but as the means of satisfying the debt in question, whenever it should become fixed. On these facts, a trust was created by implication of law, which a court of equity will execute, either by subjecting the property directly to a seizure on execution, or by compelling the trustees to dispose of it under the supervision of the court, with a view to the appropriation of its proceeds towards the payment of the judgment.

The conveyance made by Hoyt to the trustees was a voluntary assignment, to which the plaintiffs were neither parties nor privies, and was intended as an indemnity to the sureties on Hoyt's official bond. It was revocable by the assignor, with their assent, at least until notice of it had been communicated to the plaintiffs and they had affirmed it. Because, where a person without the privity of his creditors, and without consideration, makes a disposition of his property as between himself and trustees, for the payment of his debts, he is regarded as merely directing the mode in which his own property shall be applied for his own benefit, and the creditors named in the instrument are

---

1 [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

named for the purpose of showing how the trust property is to be applied. Hence, the right of the plaintiffs in this case to seize upon the assigned property and appropriate it to the satisfaction of their judgment, under the implied trust in their favor, did not attach until the filing of their bill, that being, for aught that appears in the pleadings or proofs, the first step taken by them in affirmance of the trust. Therefore, any disposition of the proceeds made prior to that time with the consent of the assignor and of the sureties was valid, and the proceeds so disposed of need not be accounted for by the trustees in the settlement of their accounts.

[See Case No. 15,409.]